UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRY McGRUDER,<br><br>Defendant. | No. 1:17-cr-00073-DAD-BAM<br><br>ORDER DENYING DEFENDANT-PETITIONER'S MOTION TO VACATE HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. No. 32) |

Defendant-petitioner Terry McGruder ("petitioner") is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 32.) On September 24, 2018, petitioner pled guilty to violating 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person" "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year" to "receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." (*See* Doc. Nos. 11, 21); *see also* 28 U.S.C. § 922(g)(1). On December 17, 2018, the undersigned sentenced petitioner to the custody of the U.S. Bureau of Prisons for a 78-month term of imprisonment, to be followed by a 36-month term of supervised release. (Doc. No. 27.)

On April 14, 2023, petitioner filed the pending petition seeking post-conviction relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in *Rehaif v. United States*,

1

588 U.S. 225 (2019).  (Doc. No. 32.)  The government contends that the pending § 2255 motion should be denied because it is untimely and because petitioner cannot overcome his procedural default.  (Doc. No. 64 at 1, 5–10.)

For the reasons discussed below, the court will deny petitioner's § 2255 motion.

## FACTUAL BACKGROUND

In September or October 2010, petitioner sustained a felony conviction in Fresno County Superior Court for possession of a firearm by a felon in violation of California Penal Code § 12021(c)(1) (Doc. No. 11 at 2), what the presentencing investigation report ("the PSR") in this case described as "Possession with Prior."  (Doc. No. 23 at ¶ 38.)

Petitioner was arrested on November 16, 2012 and later convicted in Fresno County Superior Court for obstructing or resisting an officer in violation of California Penal Code § 69.  (Doc. No. 11 at 2.)   Petitioner was sentenced on April 21, 2014, to four years in state prison for that felony offense.  (Doc. No. 23 at ¶ 41.)  According to the PSR in this case, petitioner served 18 months of this term in state prison on his resisting an officer offense before being released on supervision on November 5, 2015.  (*Id.*)

On January 3, 2017, police officers discovered petitioner in possession of a firearm.  (*See* Doc. Nos. 23 at 4; 28 at 1.)[1]  Thereafter, on March 16, 2017, he was indicted in this federal court on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (Doc. No. 11.)  On September 24, 2018, petitioner pled guilty to that charge.  (Doc. Nos. 19, 21.)  During his allocution at his December 17, 2018 sentencing hearing, petitioner stated to the court: "I'm standing here . . . today for the wrong choices I have made by possessing a firearm knowing my second amendment was revoked."  (Doc. No. 64-2 at 6.)  On December 17, 2018, the undersigned sentenced petitioner to a term of 78 months in prison followed by a 36 month term of supervised release.  (Doc. No. 27.)

On June 21, 2019, the Supreme Court issued its decision in *Rehaif*, holding that in order to convict a defendant under 18 U.S.C. § 922(g), the government must show that the defendant

---

[1] The PSR in this case indicates that petitioner was on felony probation on that date.  (Doc. No. 23 at ¶ 44.)

2

knew they had the relevant status when they possessed the firearm. *See Rehaif*, 588 U.S. at 227.

Petitioner filed the pending motion seeking post-conviction relief pursuant to 28 U.S.C. § 2255 on April 14, 2023. (Doc. No. 32.) In his pending § 2255 motion, petitioner argues:

> Movant contends that he is actually innocent of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), because he did not intelligently or voluntarily enter the plea or admit, nor did the Government prove[,] that he knew he was a felon under 18 U.S.C. § 922(g)(1), or that he knew his status [as] a prohibited person from possessing a firearm as required by [*Rehaif v. United States*, 139 S. Ct. 2119 (2019)]. Nor did the district court inform movant before plea entry that the Government had the burden of proving [the] *Rehaif* knowledge element to the jury beyond a reasonable doubt as required by due process. Or, that the [*Rehaif*] knowledge element was necessary as a factual basis to accept the plea. He would not have entered the plea of guilty but would have pled not guilty, and moved the court to dismiss the indictment with prejudice for failure to state [an] offense.
>
> Because the trial judge, counsel nor the prosecutor informed movant during the plea negotiation or the plea hearing of the required *Rehaif* knowledge element to constitute a felon, nor did movant admit to all of the required elements[,] his plea was unintelligent and involuntarily entered, and constituted a fundamentally defective plea. Therefore, he was not on notice of the essential elements that constituted real notice of the true nature of the charge against him.

(Doc. No. 32 at 12–13.)

**LEGAL STANDARD**

A federal prisoner collaterally attacking the validity of their conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Section 2255 provides four grounds upon which a sentencing court may grant relief to a federal prisoner: (1) The sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344–45 (1974); *Monreal*, 301 F.3d at 1130; *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

To warrant the granting of relief on a § 2255 motion, the petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or

influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Such relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

"[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the petition's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted); *see also United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). To warrant a hearing, therefore, the petitioner must make specific factual allegations which, if established to be true, would entitle him to relief. *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require the court to hold a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Finally, the Ninth Circuit has recognized in the § 2255 motion context that "where the issue of credibility can be 'conclusively decided on the basis of documentary testimony and evidence in the record,' no evidentiary hearing is required." *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (citation omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) (noting that "the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion").

## ANALYSIS

Section 2255 provides that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of," among other things not relevant in this action, "the date on which the right asserted was initially recognized by the Supreme Court, if that

4

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f).  Relevant here, the Supreme Court issued its decision in *Rehaif*, upon which petitioner's claim is founded, on June 21, 2019.  *See Rehaif*, 588 U.S. 225.  The government argues that petitioner therefore had until June 21, 2020 to file a timely § 2255 motion raising his claim for relief under *Rehaif* and did not do so.  (Doc. No. 64 at 6.) The court agrees.

However, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *see, e.g.*, *United States v. Davis*, No. 2:08-cr-00474-WBS-KJN, 2020 WL 3802806, at *4 (E.D. Cal. July 7, 2020) (noting that actual innocence, if proved, would permit the petitioner "to avoid the statute of limitations" imposed by § 2255(f)), *report and recommendation adopted*, 2020 WL 4547334 (E.D. Cal. Aug. 6, 2020).  "The applicable test is whether 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  *Davis*, 2020 WL 3802806, at 4 n.6 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327.

Petitioner contends that he is not barred from seeking relief based upon the decision in *Rehaif* by the one-year statute of limitations contained in § 2255(f) because he is actually innocent of violating § 922(g)(1) and because his plea was not intelligent and voluntary.[2]  (Doc. No. 32 at 11.)  "To prove actual innocence of a § 922(g) conviction after *Rehaif*, [the petitioner] must show that he had no knowledge that he had been convicted of a felony at the time he possessed a firearm." *Davis v. United States*, 2:16-cr-34-KOB-HNJ, 2023 WL 2996733, at *6 (N. D. Ala. Apr. 18, 2023).  Here, the government argues that the record leaves no doubt that

---

[2] As an initial matter, the court finds that whether or not petitioner's plea was knowing, intelligent, and voluntary has no bearing on whether or not petitioner is actually innocent, i.e., on whether or not petitioner violated 18 U.S.C. § 922(g)(1).  The court therefore rejects petitioner's argument insofar as he contends that deficiencies in his plea render the pending motion timely via the actual innocence exception.

petitioner did in fact know he was a felon at the time he possessed the firearm on January 3, 2017, such that petitioner "cannot therefore use the actual innocence exception to excuse his untimely § 2255 motion." (Doc. No. 64 at 7.)

"[F]or prosecutions pursuant to § 922(g)(1), the Government must prove that the defendant knew that he had been convicted of a crime 'punishable by imprisonment for a term exceeding one year' 'when he possessed the firearm.'" *United States v. Werle*, 35 F.4th 1195, 1198 (9th Cir. 2022) (internal citations omitted); *see also Greer v. United States*, 593 U.S. 503, 505–06 (2021) ("In felon-in-possession cases after *Rehaif*, the Government must prove . . . that [the defendant] *knew he was a felon* when he possessed the firearm."). "[A]bsent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Greer*, 593 U.S. at 509.

The court concludes that petitioner has failed to meet his burden under the actual innocence exception of showing that it is more likely than not that no reasonable juror would have found that petitioner did not know of his prohibited status on the date that he possessed the firearm.[3] Here, petitioner had sustained a felony conviction for resisting or obstructing an officer and was consequently sentenced to four years in state prison on April 21, 2014. (Doc. No. 23 at ¶ 41.) Petitioner served over 18 months of that prison sentence before being released on supervision on November 5, 2015. (*Id.*) On January 3, 2017, a mere 14 months later, petitioner was discovered in possession of a firearm by police officers. (*Id.* at 4.) In other words, in order to be actually innocent of the § 922(g)(1) charge to which he pled guilty in this case, petitioner would have needed not to know, or to have forgotten, that he had just served 18 months in state prison a little more than one year before his possession. The court finds that there is virtually no possibility that petitioner was unaware that he had been convicted of a crime punishable by more

---

[3] While petitioner has not requested an evidentiary hearing in his pending motion, the court also notes that "the files and records of the case conclusively show that the prisoner is entitled to no relief" for the reasons discussed in this order. 28 U.S.C. § 2255(b). "An evidentiary hearing is not warranted regarding the § 2255 motion because the record is sufficiently developed to resolve the question of whether or not the § 2255 motion was timely filed." *United States v. Gonzalez-Hernandez*, No. 19-cr-50107-SMB-DMF, 2022 WL 616822, at *4 (D. Ariz. Jan. 25, 2022), *report and recommendation adopted*, 2022 WL 612875 (D. Ariz. Mar. 2, 2022).

than one year in prison at the time he possessed the firearm at issue in this case. *Cf. United States v. Pollard*, 20 F.4th 1252, 1257 (9th Cir. 2021) (finding "no probability that [the petitioner] was unaware of his felon status" in part because the petitioner "had served over five years in prison for committing numerous felonies"); *United States v. Davis*, 33 F.4th 1236, 1240 (9th Cir. 2022) ("Because Davis had been incarcerated for more than three years for his prior felony convictions, it defies common sense to suggest that he was unaware of his felon status at the time he possessed the firearm at issue."); *Werle*, 35 F.4th at 1204 ("[D]efendants sentenced to more than one year in prison ordinarily *serve* more than one year in prison, and spending more than one year in prison is not something one is likely to forget.").

Petitioner's service of an 18-month state prison term shortly before he possessed the firearm in this case is sufficient on its own for the court to conclude that petitioner has failed to meet his burden. Nonetheless, the court's conclusion in this regard is strengthened by other evidence in the record. Petitioner was on felony probation at the time he possessed the firearm in question. (Doc. No. 23 at ¶ 44.) Moreover, during his allocution to the court at the time of his sentencing, petitioner stated: "I'm standing here . . . today for the wrong choices I have made by possessing a firearm knowing my second amendment was revoked." (Doc. No. 64-2 at 6.) Finally, one of petitioner's prior felony convictions in the Fresno County Superior Court was for possession of a firearm by a convicted felon.[4] While this other evidence is not conclusive as to petitioner's mental state at the time he possessed the firearm at issue in this case, it is nevertheless probative. *Cf. Werle*, 35 F.4th at 1205–06.

Accordingly, the court concludes that petitioner's motion is time-barred under § 2255(f).[5]

## CONCLUSION

For the reasons discussed above, petitioner's § 2255 motion is denied. Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of

---

[4] See *Gray v. Birkholtz*, No. 22-cv-07562-SSS (AS), 2023 WL 2938514, at *4 (C.D. Cal. Feb. 28, 2023) (rejecting the petitioner's *Rehaif* and related actual innocence claims as implausible) (citing cases), *order adopting* 2023 WL 2934871 (C.D. Cal. Apr. 13, 2023).

[5] Because the court concludes that the pending motion is barred as untimely, the court need not consider the government's argument that the pending motion is also barred by procedural default.

appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; they may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requires that "the issues are debatable among jurists of reason." *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __**June 14, 2024**__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE